IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODOLFO AND ANNA VELA | § | |
| Plaintiffs, | § § § | |
| VS. | § | NO. 3-11-CV-0685-M-BD |
| BRADLEY M. MANNING, ET AL. | § § § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants have filed a Rule 12(b)(1) motion to dismiss this *pro se* civil action brought by plaintiffs arising out of the failure of American National Insurance Company to pay $100,000 in benefits under a life insurance policy issued to their son, Arturo Vela, who died on July 5, 2001. (*See* Plf. Suppl. Am. Compl. at 2-4).[1] In their complaint, plaintiffs accuse defendants of discrimination and other unspecified violations of their civil rights. (*See id.* at 5). Plaintiffs also allege wrongdoing in connection with their son's autopsy. (*See id.* at 5-6). Defendants now move to dismiss this case for lack of subject matter jurisdiction. Plaintiffs have filed a response to the motion, and this matter is ripe for determination.

Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy

---

[1] These same claims appear to be the subject of a prior state court lawsuit that was dismissed on summary judgment and affirmed on direct appeal. *See Vela v. Manning*, 314 S.W.3d 693 (Tex. App. -- Dallas 2010, pet. denied).

exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiffs have failed to allege a cognizable claim arising under federal law. The primary claim asserted by plaintiffs in their complaint involves the denial of life insurance benefits -- a claim that arises exclusively under Texas law. *See Tanner v. Davidson*, No. 3-10-CV-0151-D, 2010 WL 529406 at *2 (N.D. Tex. Feb. 11, 2010), *appeal dism'd*, No. 10-10534 (5th Cir. Aug. 11, 2010). In their response to the motion to dismiss, plaintiffs attempt to raise additional claims of age discrimination, conspiracy to commit fraud, and defamation. (*See* Plf. Resp. Br. at 9-13). Even if these claims were properly pled, they do not support federal question jurisdiction. A civil action for age discrimination must be brought within 90 days after an aggrieved person receives a right-to-sue notice from the EEOC. *See* 29 U.S.C. § 626(e); *St. Louis v. Texas Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2563 (1996). Here, the conduct made the basis of plaintiffs' age discrimination claim occurred no later than July 12, 1989. (*See* Plf. Compl., attch. at Page ID 121-25; Plf. Resp. Br., attch. at Page ID 291-94). Plaintiffs filed a charge of discrimination with the EEOC and received a right-to-sue notice on or about September 17, 1990. (*See* Plf. Compl., attch. at Page ID 123). Thus, any claim for age discrimination is barred by limitations.

Claims for defamation are state law matters not actionable under federal statute. *See Waddleton v. Blalock*, 277 F.3d 1374 (Table), 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988). Similarly, allegations of conspiracy to commit civil fraud do not raise a federal question. *See Cawthon v. Public Storage*, No.

3-09-CV-0267-N, 2009 WL 1650562 at *1 (N.D. Tex. Jun. 12, 2009) (summarily dismissing civil fraud claim for lack of subject matter jurisdiction).[2]

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint that plaintiffs and all defendants are citizens of Texas. (*See* Plf. Suppl. Am. Compl. at 1, ¶¶ 2-3). Thus, federal diversity jurisdiction is not proper. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## **RECOMMENDATION**

Defendants' motion to dismiss [Doc. #10] should be granted. This case should be dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

---

[2] To the extent plaintiffs seek to collaterally attack errors in the state court lawsuit brought against defendants, any such attempt is barred by the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing, modifying, or nullifying final orders of state courts. *See Mosley v. Bowie County*, 275 Fed.Appx. 327, 329, 2008 WL 1805514 at *2 (5th Cir. Apr. 22, 2008); *Barnes v. Dillard's Dept. Store, Inc.*, No. 3-10-CV-0849-G-BD, 2010 WL 3659313 at *2 (N.D. Tex. Aug. 18, 2010), *rec. adopted*, 2010 WL 3659179 (N.D. Tex. Sep. 17, 2010) (granting Rule 12(b)(1) motion to dismiss on *Rooker-Feldman* grounds).

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE